DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER C. BRETAN (CSB No. 233475)
jbretan@fenwick.com
KATHERINE A. MARSHALL (CSB No. 327042)
kmarshall@fenwick.com
SOFIA RITALA (CSB No. 342253)
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN LAPIN, derivatively on behalf of DOCUSIGN, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL D. SPRINGER, ENRIQUE SALEM, PETER SOLVIK, INHI CHO SUH, MARY AGNES WILDEROTTER, TERESA BRIGGS, BLAKE J. IRVING, JAMES BEER, CAIN A. HAYES, CYNTHIA GAYLOR, MICHAEL J. SHERIDAN, and LOREN ALHADEFF,<br><br>Defendants,<br><br>and<br><br>DOCUSIGN, INC., a Delaware Corporation,<br><br>Nominal Defendant. | Case No. 3:22-cv-02980-WHO<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING CASES AND STAYING CONSOLIDATED ACTION** |
| PETER VOTTO, derivatively on behalf of DOCUSIGN INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL SPRINGER, MICHAEL SHERIDAN, CYNTHIA GAYLOR, SCOTT OLRICH, ENRIQUE SALEM, PETER SOLVIK, INHI | Case No. 3:22-cv-02987-WHO |

CHO SUH, MARY AGNES WILDEROTTER, TERESA BRIGGS, BLAKE IRVING, JAMES BEER, and CAIN HAYES,

   Defendants,

DOCUSIGN, INC.,

   Nominal Defendant.

WHEREAS, on February 8, 2022, a putative securities class action lawsuit, *Weston v. DocuSign, Inc., et al.,* 3:22-cv-00824 (N.D. Cal.) ("*Weston*"), was filed in this Court against DocuSign and certain of its officers, alleging federal securities laws violations;

WHEREAS, on May 19, 2022, Plaintiff Benjamin Lapin filed a putative stockholder derivative action ("*Lapin*"), purportedly on behalf of DocuSign, Inc., based on substantially the same allegations as *Weston,* and asserting claims for breach of fiduciary duty and unjust enrichment against certain directors and officers of DocuSign, premising federal court jurisdiction on alleged diversity of the parties;

WHEREAS, on May 20, 2022, Plaintiff Peter Votto filed a putative stockholder derivative action ("*Votto*"), also purportedly on behalf of DocuSign, seeking contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 (the "Exchange Act") based on the alleged claims in *Weston* and asserting claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and violations of Section 14(a) of the Exchange Act against certain directors and officers of the Company (collectively, *Votto* and *Lapin* are the "*Derivative Actions*") (collectively, the individuals named in the *Derivative Actions* are the "Individual Defendants" and, with nominal defendant DocuSign, "Defendants");

WHEREAS, on June 27, 2022, this Court deemed the *Derivative Actions* related to *Weston* and reassigned them to this Court;

WHEREAS, the Parties have conferred and agree that the *Derivative Actions* should be consolidated because of their overlapping allegations, without prejudice and reserving Defendants' right to challenge subject matter jurisdiction or to enforce a mandatory forum bylaw provision requiring certain claims be litigated exclusively in Delaware;

WHEREAS, *Weston* will be subject to motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), the outcome of which will be informative to the litigation of the *Derivative Actions*, and is also presently subject to a mandatory stay of discovery under the Reform Act;

WHEREAS, the Parties further agree that, given the overlapping allegations in *Weston* and the *Derivative Actions*, and because plaintiffs seek damages on DocuSign's behalf arising from,

among other things, the outcome of *Weston* (*see, e.g., Lapin* Compl. ¶¶ 114-118; *Votto* Compl. ¶¶ 207-210, ¶¶ 213-216), it is currently in the best interest of DocuSign (the real party in interest on whose behalf the *Derivative Actions* are brought) to stay the *Derivative Actions* to avoid inefficiencies and duplicative efforts, and to better preserve the resources of the Parties and the Court;

WHEREAS, to the extent the *Derivative Actions* assert federal securities laws claims, they too are subject to the provisions of the Reform Act, including the mandatory stay of discovery;

WHEREAS, the Parties agree that no answer, motion, or other response to the Complaints in the *Derivative Actions* shall be due in light of the proposed agreement to stay;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties listed below, by their undersigned counsel, subject to approval of the Court, as follows:

1. The following actions shall be consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:22-cv-02980-WHO (the "*Consolidated Action*"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Lapin v. Springer, et al.* | 3:22-cv-02980-WHO | May 19, 2022 |
| *Votto v. Springer, et al.* | 4:22-cv-02987-WHO | May 20, 2022 |

2. Every pleading filed in the *Consolidated Action*, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE DOCUSIGN, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 3:22-cv-02980-WHO |

3. All papers filed in connection with the *Consolidated Action* will be maintained in one file under Lead Case 3:22-cv-02980-WHO.

4. This Order shall apply to each stockholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in,

removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In Re DocuSign Inc. Derivative Litigation*, Lead Case 3:22-cv-02980-WHO is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In Re DocuSign, Inc. Derivative Litigation*, Lead Case No. 3:22-cv-02980-WHO, and counsel are to assist in assuring that counsel in such subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving DocuSign filed in this Court.

5. Glancy Prongay & Murray LLP, Rowley Law PLLC, and Moore Kuehn PLLC, the resumes of which are attached hereto as Exhibits A, B and C, respectively, are appointed as Plaintiffs' Co-Lead Counsel for the *Consolidated Action*. Defendants take no position on the propriety of such appointment.

6. Co-Lead Counsel shall set policy for Plaintiffs for the prosecution of this litigation, ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of Plaintiffs the initiation and conduct of discovery proceedings, provide direction, supervision, and coordination of all activities of Plaintiffs' counsel, and have the authority to negotiate a settlement, subject to approval of Plaintiffs and the Court. Any agreement reached between counsel for Defendants and Plaintiffs' Co-Lead Counsel shall be binding on all other Plaintiffs in any action subsequently consolidated as part of *In Re DocuSign, Inc. Derivative Litigation*.

7. No answer, motion or other response to the Complaints shall be due from Defendants in the *Derivative Actions*. The Parties acknowledge that, in entering into this Stipulation, Defendants are preserving their right to assert that subject matter jurisdiction is lacking or to enforce a mandatory forum bylaw requiring litigation of certain claims exclusively in Delaware;

8. All proceedings in the *Consolidated Action*, including all case management deadlines applicable to the *Derivative Actions*, whether by Court order, the Federal Rules and Civil

Local Rules, or associated ADR program deadlines, shall be temporarily stayed and/or vacated during the pendency of *Weston*;

9. Within fourteen (14) days of resolution or dismissal of *Weston* with prejudice, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the *Consolidated Action*, including dates by which Plaintiffs must file a consolidated amended complaint, if one has not yet been filed, and a date by which Defendants must answer, move against or otherwise respond to the consolidated amended complaint, and any associated briefing schedules, and including the timing for resetting an initial case management conference and the resumption of all associated case management and ADR program deadlines.

10. Defendants shall promptly notify Plaintiffs should they become aware of any derivative lawsuits after this Stipulation is entered based on the same or substantially the same facts as are at issue in the *Derivative Actions* (a "*Related Derivative Action*").

11. In the event that a mediation or Court-ordered settlement conference is held in an effort to settle *Weston*, or any *Related Derivative Action*, counsel for Defendants shall provide Co-Lead Counsel with reasonable advance notice of said mediation and shall invite Plaintiffs to participate in such mediation (subject to Defendants seeking permission from the Court and/or other parties to the mediation and/or settlement conference, as well as any insurers).  In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants shall mediate separately with Plaintiffs shortly thereafter.

12. If any *Related Derivative Action* is not subject to a similar stay, with a duration that is the same or longer as the *Consolidated Action*, Plaintiffs shall have the option to terminate the stay of the *Consolidated Action*.  Such option may only be exercised, however, after defendants in the *Related Derivative Action* at issue have been afforded a reasonable opportunity to seek a commensurate stay of such action, and defendants either decline to seek such a stay or are unsuccessful in moving for or stipulating to such a stay.  In the event Plaintiffs elect to terminate the stay of the *Consolidated Action*, Plaintiffs shall provide 21 days advance notice of such election to counsel for Defendants via email.  Within 14 days after the notice of termination, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the

*Consolidated Action* (or any application to extend the stay), including dates by which Plaintiffs must file a consolidated amended complaint and a date by which Defendants must answer, move against, or otherwise respond to the consolidated amended complaint, and any associated briefing and case management schedules as described in paragraph 9.

13. If, during the pendency of the stay, DocuSign provides copies of books and records to a stockholder in response to a demand under 8 Del. C. §220 ("Section 220 documents") relating to the subject matter of the *Derivative Actions*, subject to Plaintiffs' entry into an acceptable form of confidentiality agreement, DocuSign will also produce copies of such Section 220 documents to Plaintiffs. Because *Weston* is subject to a mandatory discovery stay pursuant to the Reform Act, 15 U.S.C. § 77z-1(b)(1), Plaintiffs agree not to share any such Section 220 documents with plaintiffs in *Weston* or any other action. Absent agreement of the Parties (after a good faith attempt to meet and confer) or an order of the Court, Plaintiffs further agree not to use any such Section 220 documents (or information derived therefrom) in any complaint filed in the *Consolidated Action* unless and until (i) the *Weston* discovery stay is lifted; or (ii) a complaint based on such Section 220 documents is filed in a *Related Derivative Action*. Notwithstanding the pendency of the stay, in the event a *Related Derivative Action* based on Section 220 documents is filed, Plaintiffs may file a consolidated amended complaint, although Defendants are under no obligation to respond to the consolidated amended complaint in the *Consolidated Action* during the pendency of the stay. To the extent any such consolidated amended complaint is based on information derived from Section 220 documents produced to them prior to the lifting of the discovery stay in *Weston*, Plaintiffs agree that references to such information will be filed under seal pursuant to applicable court rules and agree that all Section 220 documents produced to them are incorporated by reference in their entirety in any such consolidated amended complaint. Nothing herein is intended to abrogate the Parties' obligation to file confidential documents under seal irrespective of the stay of discovery in *Weston*.

14. By entering this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to challenge jurisdiction and/or venue, to seek to enforce a

forum bylaw provision, or to seek such other relief as may be appropriate as circumstances may develop or warrant in this or any related action, and expressly reserve all such rights.

Dated: July 19, 2022

DEAN S. KRISTY
Fenwick & West LLP

*/s/ Dean S. Kristy*
DEAN S. KRISTY

*Attorneys for Nominal Defendant DocuSign, Inc. and Daniel D. Springer, Enrique Salem, Peter Solvik, Inhi Cho Suh, Mary Agnes Wilderotter, Teresa Briggs, Blake J. Irving, James Beer, Cain A. Hayes, Cynthia Gaylor, Michael J. Sheridan, Loren Alhadeff, and Scott Olrich*

Dated: July 19, 2022

KEVIN RUF
Glancy Prongay & Murray LLP

*/s/ Kevin Ruf*
KEVIN RUF

*Attorneys for Plaintiff Benjamin Lapin*

Dated: July 19, 2022

MARSHALL WEXLER
Moore Kuehn PLLC

*/s/ Marshall Wexler*
MARSHALL WEXLER

*Attorneys for Plaintiff Peter Votto*

Pursuant to Civil L.R. 5-1(h)(3), all signatories concur in filing this stipulation.

Dated:  July 15, 2022

*/s/ Jennifer C. Bretan*
Jennifer C. Bretan

\*\*\*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 19, 2022

THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT COURT JUDGE